UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK                           NOT FOR PUBLICATION
------------------------------------------------------------------

In re

    Michael C. Santoro                                Case No. 18-11077 K
    Amelia M. Santoro
                    Debtor(s)

------------------------------------------------------------------

    MATTHEW ROUNDS
    BARBARA ROUNDS

                    Plaintiffs                     A.P. No. 18-1033 K

        v.

    MICHAEL C. SANTORO
    AMELIA M. SANTORO

                    Defendants

------------------------------------------------------------------

Raymond C. Stilwell, Esq.

Attorney for Plaintiffs

4476 Main Street #120

Amherst, NY 14226


Michael C. Santoro, *Pro se*

Amelia M. Santoro, *Pro se*

Debtors/Defendants

305 Oakwood Drive

Williamsville, NY 14221

**DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND RESTORING CASE TO CALENDAR**

On or about August 23, 2016, Debtors Michael and Amelia Santoro, owners and/or officers of ANA Construction Services, Inc. entered into a contract with Plaintiffs Matthew and Barbara Rounds for the renovation of a house owned by Plaintiffs on Wehrle Drive in the Town of Amherst, NY. Payments were made and some work was performed. At some point, Plaintiffs (who resided in California) became dissatisfied with the work being performed and eventually filed an action in New York State Supreme Court alleging breach of contract, negligence, breach of fiduciary duty and fraud. A judgment by default was entered on October 13, 2017 against the Debtors and their corporation in the approximate amount of $100,000 plus interest.

On May 31, 2018, Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code, listing Plaintiffs as judgment creditors on Schedule D. Plaintiffs initiated this action by filing a timely complaint asking this Court to determine that the debt owing to them was not subject to discharge pursuant to sections 523 (a)(2) and (4).

Plaintiffs contend that Debtors are liable in the sum of $100,000 for obtaining money from Plaintiffs by false pretenses, false representation or actual fraud and, in addition, they allege that the parties entered into a fiduciary relationship and Debtors obtained money from Plaintiffs fraudulently while acting in a fiduciary capacity.

Debtors filed an Answer, *pro se* and discovery ensued. Plaintiffs then brought a motion to compel discovery, which motion was granted insofar as to compel Debtors appearance for a deposition and to provide discovery (documents) with that portion of the motion seeking further relief being adjourned to a later date.

Subsequently, Plaintiffs by their attorney Raymond C. Stilwell, Esq., filed a Motion for Summary Judgment against the Debtors/Defendants, and this matter came before the Court on

June 5, 2019. After hearing oral argument by Plaintiffs' attorney and Debtor/Defendant Michael Santoro *pro se* in opposition thereto, this Court reserved decision.

Unlike the case of *Broadway Warehouse* (*In re Schmitt,* 554 B.R. 589 (Bankr. W.D.N.Y. 2016)), in which this Court ruled that a debt was nondischargeable due to a state court judgment on all causes of action (including fraud and failure to keep business records) pursuant to NYCPLR §3126 where the defendants failed to comply with a state court judge's order to produce documents, the default judgment taken in the state court action in the instant case is not on its face sufficient to be deemed nondischargeable. (Said judgment does fix the amount of a claim (*Kellernan v. Andrijevic,* 825 F.2d 692 (2d Cir. 1987), but does not compel this Court to make a finding of nondischargeability under §523(a)(2) or (4).) In addition, were this Court to make such a finding, evidence of the cost of the breach to Plaintiffs would need to be presented at a hearing as it may be that the state court judgment was based on contract damages, while the matter before this Court must address only actual damages directly attributable to a breach of fiduciary duty.

Plaintiffs' motion papers present arguments objecting to discharge due in part to violations of specific sections of the New York State Lien Law. While the Complaint includes a cause of action for fraud while operating in a fiduciary capacity, Rule 7009 which adopts F.R.Civ. Proc. Rule 9 requires special matters such as fraud to be pled with particularity. In much the same way here as in the case of *Collins and Ridsdale*, 286 B.R. 225 (Bank. W.D.N.Y. 2002) aff'd 2003 WL 23350125 (W.D.N.Y. ), this Court chooses to exercise its discretion to allow the creditors to amend their pleading to conform to the proof adduced in discovery. The Debtors will have the opportunity to file a responsive pleading and further discovery can be had.

Therefore, Plaintiffs' Motion for Summary Judgment is denied without prejudice. Plaintiffs have permission to file an Amended Complaint to plead the Lien Law cause of action argued in its motion papers and Plaintiffs' Motion to Compel (Doc. #12) is hereby restored to the

Court's calendar to be heard on **August 21, 2019 at 10 am** in the 5th Floor - Wyoming Courtroom, US Courthouse, 2 Niagara Square, Buffalo, NY 14202.

    SO ORDERED.

    Dated:   Buffalo, New York
               July 15, 2019

                                                 /s/ Michael J. Kaplan
                                                               U.S.B.J.